Felix W. **DUNCAN**, Jr., Movant,

v.

**STATE of Missouri, Respondent.**

No. 40065.

Missouri Court of Appeals, Eastern District, Division Three.

July 17, 1979.

William E. Albrecht, Clayton, for movant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Katherine Marie Kraus, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Denial of a Rule 27.26 motion to vacate conviction. This appeal arises out of the conviction of movant of second-degree murder. Movant was originally charged with first-degree murder. The trial court held the state had not made a submissible case on the first-degree murder charge. It submitted the case to the jury on second-degree murder and manslaughter instructions. Movant was convicted by a jury of second-

degree murder and sentenced to twenty years imprisonment. The conviction was affirmed by this court in *State v. Duncan*, 540 S.W.2d 130 (Mo.App.1976). Movant then filed his Rule 27.26 motion which was denied by the court below. Movant appeals. We affirm. A pre-*Fields v. State* case.

Movant claims that the trial court erred in denying his *pro se* Rule 27.26 motion without appointing counsel to evaluate the motion and to file an amended motion stating in lawyerlike fashion the particulars of his claim. In other words, movant contends his motion sufficiently stated a claim of ineffective assistance of counsel to warrant appointment of counsel.

Movant concedes the trial court's denial of an evidentiary hearing was proper. He argues that appointment of counsel would have enabled him to present his arguments in support of his motion more clearly, completely, and accurately. Movant argues to this court: (1) His attorney failed to raise an issue concerning the jury instructions in his motion for new trial (Apparently, the issue is whether it was error for the trial court to state to the jury panel prior to trial that the charge was first-degree murder and then submit the case to the jury on second-degree murder instructions.); (2) His attorney failed to discuss with him during trial the ramifications of the court's submission of the case under a theory of second-degree murder after movant had been charged with first-degree murder; (3) His attorney neglected to explain the likelihood of conviction for second-degree murder and thus deprived movant an opportunity to negotiate a plea.

■ In order to justify appointment of counsel, a motion must present questions of law or issues of fact. Movant's allegations of ineffective assistance of counsel do not raise questions of law or issues of fact. He has not presented sufficient grounds to warrant appointment of counsel to assist in amending his motion. Rule 27.26(h).

■ Movant's basic contention is that his lawyer should have done something to

prevent his conviction of second-degree murder by a jury instructed on that charge after movant had originally been charged with first-degree murder. We are not persuaded that movant sufficiently alleges ineffective assistance of counsel to warrant the appointment of counsel under Rule 27.-26(h). Murder in the first-degree embraces every grade and degree of criminal homicide. *State v. Clark*, 546 S.W.2d 455, 470[25] (Mo.App.1976). A lawyer is not required to raise frivolous points. *Kopf v. State*, 559 S.W.2d 263, 264[2] (Mo.App.1977).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.